UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**     CRIMINAL ACTION NO. 2:07-00075

**JEREMY LANE JOHNSON**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On October 27, 2011, the United States of America appeared by Lisa G. Johnston, Assistant United States Attorney, and the defendant, Jeremy Lane Johnson, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Troy A. Lanham, the defendant having commenced a three-year term of supervised release in this action on July 31, 2009, as more fully set forth in the Probation Revocation and Judgment Order entered by the court on January 10, 2008.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant committed the state and local offense of petit larceny as evidenced by his guilty plea in the Magistrate Court of Fayette County, West Virginia, on March 9, 2011; (2) that the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on June 6, 2011, for oxycontin and, when he could not provide a urine screen on September 20, 2011, his admission that the results would be positive for OxyContin and marijuana inasmuch as he used and possessed both three days earlier; (3) that the defendant failed to submit monthly reports for May, June, July and August, 2011; (4) that the defendant admitted to the probation officer on June 6, 2011, that he had frequented a location where controlled substances are illegally sold for the purpose of purchasing oxycodone; (5) that the defendant admitted to the probation officer on June 6, 2011, that he had been associating with individuals engaged in the sale of illegal substances; (6) that the defendant failed to appear for drug treatment as directed by the probation officer on June 28, 2011; (7) that the defendant

failed to appear for urine screens as directed by the probation officer on June 27 and 30, July 6, 11 and 22; August 11, 18, 22, 25, and September 8, 12 and 15, 2011; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violation if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a

period of SIX (6) MONTHS, to be followed by a term of thirty (30) months of supervised release[1] upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that the defendant participate in the LEARN program in Beckley, West Virginia, for a period of 30 weeks and participate in drug abuse counseling and treatment to the maximum extent feasible and follow the rules and regulations of the facility.  The defendant shall be transported by one of his parents directly from his place of incarceration to the LEARN program in Beckley, West Virginia.  The court reimposes restitution in the amount of $25,256 and directs the defendant to make monthly payments as directed heretofore.

      The defendant was remanded to the custody of the United States Marshal.

---

[1] The six-month term of imprisonment and the 30-month term of supervised release shall run concurrently to the six-month term of imprisonment and the 30-month term of supervised release imposed in Criminal No. 2:08-00180.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 18, 2011

John T. Copenhaver, Jr.
United States District Judge